IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| WILLIAM GERALD PRUITT, | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 4:17-CR-00057-CDL-MSH |
| VS. | : | NO. 4:22-CV-00004-CDL-MSH |
| | : | 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## **ORDER**

Pending before the Court are Petitioner's motion to amend (ECF No. 123) his habeas petition and motion for an extension of time (ECF No. 125). For the reasons stated below, Petitioner's motion to amend is denied and is motion for an extension of time is denied as moot.

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings and applies in habeas proceedings. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows pleading amendments with 'leave of court' any time during a proceeding."). Rule 15(a)(1) provides that

> [a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is requires, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).

As Petitioner previously amended his complaint (ECF No. 109), any further amendment requires written consent of the opposing party or the Court's leave. Fed. R. Civ. P. 15(a). No written consent has been filed, and so Petitioner must obtain leave of the Court. A court "should freely give leave [to amend] when justice so requires." *Id*. at 15(a)(2). A district court, however, may deny leave to amend "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Petitioner's motion to amend is denied as futile. Petitioner seeks to add a claim of prosecutorial misconduct. Memo. in Supp. of Mot. to Amend. 1, ECF No. 123-2. Specifically, he argues the prosecutor used entrapment evidence to secure a wrongful conviction against him. Pruitt Aff. ¶ 3, ECF No. 123-1. The procedural default rule bars Petitioner from raising this claim.

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. This rule generally applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (per curiam) (citations omitted). "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of

judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003). "[P]rocedural default can be excused, however, if one of the two exceptions to the procedural default rule applies. The exceptions are: (1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011); *see also Lomelo v. United States*, 891 F.2d 1512, 1515 n.9 (11th Cir. 1990) ("The 'cause and actual prejudice' standard for federal habeas petitioners mirrors the standard used to evaluate collateral attacks on state convictions." (citations omitted)).

Although Petitioner raised prosecutorial misconduct claims on direct appeal, he did not assert this claim regarding the prosecutor's use of entrapment evidence throughout his trial. *See* Br. for Appellant at *11-*21, *Pruitt v. United States*, No. 19-12237 (11th Cir. June 3, 2020). Petitioner makes no attempt to establish cause and prejudice for procedurally defaulting this prosecutorial misconduct claim. Construed liberally, Petitioner appears to argue he would have been found innocent but for the prosecutor's use of the alleged entrapment evidence. Pruitt Aff. ¶ 3. To overcome procedural default under a claim of actual innocence, he must "show that a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlub v. Delo*, 513 U.S. 298, 327 (1995). "To be credible," however, "a claim of actual innocence must be based on new, reliable evidence that was not presented at the trial." *McDuffie v. U.S.*, No. 16-14147-D, 2017 WL 6606916, at *5 (11th Cir. Oct. 31, 2017) (unpublished). Petitioner fails to suggest any evidence relevant to his current claim of prosecutorial misconduct that was not presented at trial. Accordingly, Petitioner's current prosecutorial misconduct claim is

procedurally barred, and therefore, his motion to amend (ECF No. 123) is **DENIED**.[1]

SO ORDERED, this 22nd day of June, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

[1] Because Petitioner's motion to amend (ECF No. 123) is denied, his motion for an extension of time to file an amended petition (ECF No. 125) is **DENIED as moot**.